UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARELL HARLOW,

                                        Plaintiff,

                                                                 5:18-CV-01239
v.
                                                                 (MAD/TWD)

ALLEN REBECCA HEARD, PROGRESSIVE
INSURANCE COMPANY,

                                        Defendants.
_____

APPEARANCES:

DARELL HARLOW
18-B-1614
Plaintiff pro se
Attica Correctional Facility
Box 149
Attica, New York 14011

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

         The Clerk has sent to the Court for initial review the complaint in this 42 U.S.C. § 1983

civil rights action brought by *pro se* Plaintiff Darell Harlow against Defendants Allen Rebecca

Heard ("Heard") and Progressive Insurance Company ("Progressive").  (Dkt. No. 1.)  Plaintiff

has also filed a second application to proceed *in forma pauperis* ("IFP Application"), and a

motion for appointment of counsel.  (Dkt. Nos. 3, 5.)

## I.      PLAINTIFF'S IFP APPLICATION

         A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1) (2006).  After reviewing Plaintiff's IFP

Application (Dkt. No. 5), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's

IFP Application (Dkt. No. 5) is granted.

## II.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C.

§ 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the

case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, if

a court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss

the action."  Rule 12(h)(3) of the Federal Rules of Civil Procedure; *see also Widad v. Brooklyn

Public Library*, No. 15-CV-4312 (MKB), 2015 WL 7159796, at *1 (E.D.N.Y. Nov. 13, 2015)[1]

(dismissing state law claims for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(1)

on initial review pursuant to 28 U.S.C. § 1915(e)).

In determining whether an action is frivolous, the court must look to see whether the

complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such

as when the claims are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution

should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse

---

[1]  Copies of all unpublished decisions cited herein will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without

giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III.    COMPLAINT

Plaintiff alleges that on November 15, 2015, Defendant Heard asked him to drive her Ford 150 truck to a mechanic and informed him that the truck would not go over thirty-five miles per hour and had been parked for a couple of months. (Dkt. No. 1 at 2.[2]) As Plaintiff was driving to the mechanic, smoke and flames came up from under the hood of the truck toward the windshield. *Id.* Plaintiff stopped the truck and as he was reaching for the doorknob, there was an explosion sound as the hood popped up and Plaintiff saw a huge flame. *Id.* at 3.

Plaintiff lost his balance as he got out of the truck and heard a popping noise and felt pressure in his left hip. *Id.* He was able to back away from the truck before it burst into flames despite his hip injury. *Id.* Heard thereafter told Plaintiff that months earlier her ex-husband had poured sugar in the gas tank, and she had poured turpentine in the tank in an attempt to dissolve the sugar. *Id.* at 4. Plaintiff believes that was the most likely cause of the fire. *Id.* Plaintiff received medical treatment for his hip. *Id.*

Since the accident, Plaintiff has experienced nightmares, mood swings, permanent weakness in his left hip, loss of enjoyment of life, anxiety and depression, and erectile

---

[2]    Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

dysfunction. *Id*. at 5. Plaintiff filed a claim with Defendant Progressive for the injuries sustained

as a result of the truck fire. *Id*. Progressive agreed to pay Plaintiff for his medical costs but not

for his injury, pain and suffering, or psychological health care and counseling for his near death

experience. *Id*. at 4-5. Plaintiff is seeking compensatory damages for his pain and suffering and

psychological counseling. *Id*. at 6.

## IV.    FEDERAL SUBJECT MATTER JURISDICTION

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen

Equip. & Erec. Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal jurisdiction exists only when a

"federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship"

and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). *See Perpetual Sec., Inc. v.

Tang*, 290 F.3d 132, 136 (2d Cir. 2002).

Plaintiff has commenced this action under 42 U.S.C. § 1983, which  provides in relevant

part:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . .

 To state a claim under Section 1983, a plaintiff must allege that the challenged conduct (1) was

"committed by a person acting under color of state law," and (2) "deprived [the plaintiff] of

rights, privileges, or immunities secured by the Constitution or laws of the United States."

*Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547

(2d Cir. 1994)). "The purpose of § 1983 is to deter state actors from using the badge of their

authority to deprive individuals of their federally guaranteed rights and to provide relief to

victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

It is well settled that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). A plaintiff must therefore allege facts showing that a defendant was either a state actor or a private party acting under color of state law with regard to the claim. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *see also United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). Private actors have been found to engage in "state action" when they are "willful participant[s] in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (citing *United States v. Price*, 383 U.S. 787, 794 (1966)).

Plaintiff has alleged no deprivation of rights secured by the United States Constitution or under federal law, nor has he alleged facts plausibly showing that either Defendant was a state actor or private party acting under color of state law in connection with his claims. Construed most generously, Plaintiff's complaint might be found to allege state law claims for negligence against Heard and wrongful denial of an insurance claim against Progressive. Therefore, the Court finds that there is no federal subject matter jurisdiction over Plaintiff's claims.

Plaintiff's complaint also fails to allege a basis for diversity jurisdiction under 28 U.S.C. § 1332. To establish jurisdiction under § 1332, diversity must be complete. *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [is required] between all

plaintiffs and all defendants.")  Therefore, Plaintiff must allege that he and all of the Defendants are citizens of different states.  He has not done so, nor could he, since Plaintiff resides in New York, and Defendant Heard is also a New York resident.  (Dkt. No. 1 at 1.)

Based upon the foregoing, the Court finds that there is no federal subject matter jurisdiction over Plaintiff's claims and recommends that the complaint be dismissed *sua sponte* upon initial review under 28 U.S.C. § 1915(e) and Fed.R.Civ.P. 12(h)(3)  for lack of subject matter jurisdiction.  Inasmuch as lack of subject matter jurisdiction is a substantive defect, *Deuel v. Dalton*, No. 1:11-CV-0637 (GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2013), the Court further recommends that the dismissal be without leave to amend.

## V.      PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for the appointment of counsel.  (Dkt. No. 3.)  The Court denies the motion as moot in light of its recommendation that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.  Even if the Court were not recommending dismissal, a more fully developed record would be necessary before an assessment can be made as to whether counsel should be appointed.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).  The denial is without prejudice so that Plaintiff will not be precluded from making a subsequent request for appointment of counsel in the event the District Court allows the action to proceed or grants Plaintiffs' leave to file an amended complaint.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's second IFP Application (Dkt. No. 5) is **GRANTED**; and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be *sua sponte* **DISMISSED** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e) and Fed.R.Civ.P. 12(h)(3)

**WITHOUT LEAVE TO AMEND**; and it is hereby

      **ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED** without prejudice as moot; and it is further

      **ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

      Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: November 7, 2018
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

2012 WL 235523
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Loriann DEUEL and Lorraine Deuel, Plaintiffs,

v.

Frank T. DALTON; State of New York; New York
State Unified Court System; Philip J. Danaher, Esq.,
as the attorney appointed to act as Law Guardian
for BMD; Catherine Cholakis, as the presiding justice
of the Family Court assigned to this proceeding;
John & Jane Does 1–100, whose identities may or
may not be known but necessary parties to these
proceedings; ABC Corp's 1–100, those entities
whose identities are currently unknown, but
necessary parties to these proceedings, Defendants.

No. 1:11–CV–0637 (GTS/RFT).
|
Jan. 25, 2012.

**Attorneys and Law Firms**

Loriann and Lorraine Deuel, Unionville, TN, pro se.

### DECISION and ORDER

Hon. GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* civil
rights action filed by Loriann Deuel and Lorraine Deuel
("Plaintiffs") against the above-captioned defendants
(together "Defendants"), are (1) United States Magistrate
Judge Randolph F. Treece's Report–Recommendation
recommending that Plaintiff's Complaint be dismissed,
and (2) Plaintiffs' Objections to that Report–
Recommendation. (Dkt.Nos.4, 5.) For the following
reasons, the Report–Recommendation is accepted and
adopted, and Plaintiffs' Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Complaint
On June 8, 2011, Plaintiffs filed their Complaint
in this action. (Dkt. No. 1.) Generally, in their
Complaint, Plaintiffs allege that Defendants violated their

constitutional right to due process and equal protection
under 42 U.S.C. § 1983 in connection with various custody
proceedings involving Plaintiff Loriann's minor child,
BMD. (Dkt. No. 1 at 4.)

More specifically, construed with the utmost of special
liberality, Plaintiffs' Complaint asserts the following six
claims against Defendants: (1) Defendants New York
State Unified Court System and Cholakis violated, and/
or conspired to violate, Plaintiffs' due process rights under
the Fourteenth Amendment by, *inter alia,* improperly
(a) exercising jurisdiction over Plaintiffs during various
custody proceedings from 2002 to 2004, where no such
jurisdiction existed, (b) failing to notify her of various
of those court proceedings, (c) holding various of those
proceedings in her absence, and (d) awarding Defendant
Dalton custody of BMD, even though Defendant Dalton
had not established paternity; (2) Defendants New York
State Unified Court System and Cholakis violated,
and/or conspired to violate, Plaintiffs' equal protection
rights under the Fourteenth Amendment by denying
Plaintiffs their parental and familial rights; (3) Defendants
New York State Unified Court System, Cholakis and
Danaher committed, and/or conspired to commit, fraud
against Plaintiffs; (4) Defendants New York State Unified
Court System, Cholakis and Danaher suborned, and/or
conspired to suborn, perjury by Defendant Dalton; (5)
Defendant Cholakis, New York State Family Court Judge
committed judicial misconduct against Plaintiffs; and (6)
Defendant Danaher committed professional misconduct
against Plaintiffs. (Dkt. No. 1 at 30–34.)

For a more detailed recitation of Plaintiffs' claims, and
the factual allegations giving rise to those claims, reference
is made to Plaintiffs' Complaint and Magistrate Judge
Treece's Report–Recommendation in their entireties.
(Dkt.Nos.1, 4.)

### B. Magistrate Judge Treece's Report–Recommendation
On July 19, 2011, Magistrate Judge Treece issued a
Report–Recommendation recommending that Plaintiffs'
Complaint be dismissed for the following reasons: (1)
the Court lacks subject-matter jurisdiction over domestic
relations matters, including those related to child custody;
(2) Plaintiffs' claims are barred by the applicable statute
of limitations; and (3) Plaintiff has failed to state a claim
upon which relief can be granted pursuant to 28 U.S.C. §
1915(e)(2). (*See generally* Dkt. No. 4.)

## C. Plaintiffs' Objections to the Report–Recommendation

**\*2** On August 1, 2011, Plaintiffs filed their Objections to the Report–Recommendation. (Dkt. No. 5.) Generally, liberally construed, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs have stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not barred by the applicable statute of limitations because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In addition, in their Objections, Plaintiffs seek leave to file an Amended Complaint, which Plaintiffs purport would do the following: (1) remove Defendant Cholakis from this action "pursuant to judicial immunity statutes"; (2) "remove the habeas corpus request"; and (3) include recent civil rights violations in an effort "to clear up misunderstandings regarding jurisdiction, timeliness, and the statement of claims." (Dkt. No. 5 at 6.)

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review Governing a Report–Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). [1] When performing such a *de novo* review, the Court "may ... receive further evidence...." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. [2]

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed.R.Civ.P. 72(b)(2) and (3);

Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [3] Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation to a clear error review. [4] Finally, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error. Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Legal Authority for Reviewing a Complaint *Sua Sponte*

**\*3** Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed.R.Civ.P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss that action"; (2) 28 U.S.C. § 1915(e)(2)(B), which provides that, when a plaintiff seeks to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that—... the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as barred by the applicable statute of limitation may fall within the ambit of the Court's power to dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). [6] In addition, the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). [7]

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (recognizing that district court has power to *sua*

*sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee. It is also is well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).[8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir.1991) .[9]

### C. Legal Standard Governing Dismissal Based on Lack of Subject–Matter Jurisdiction

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on lack of subject-matter jurisdiction in his Report–Recommendation. (Dkt. No. 4 at 2–3.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### D. Legal Standard Governing Dismissal Based on Expiration of Statute of Limitations

**\*4** Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on the expiration of the relevant statute of limitations in his Report–Recommendation. (Dkt. No. 4 at 3–4.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### E. Legal Standard Governing Dismissal Based on Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.,* 549 F.Supp.2d 204, 211, nn. 15–16 (N.D.N.Y.2008) (McAvoy, J., adopting Report–Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[ ]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed.R.Civ.P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal." *Jackson,* 549 F.Supp.2d at 212, n. 20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n .17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson,* 549 F.Supp.2d at 212, n. 18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F.Supp.2d 203, 213 & n. 32 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12–61 (3d ed.2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp .2d at 213, n. 22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–52, 173 L.Ed.2d 868 (2009).

**\*5** Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In doing so, the Court "retire[d]" the famous statement by

the Court in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 127 S.Ct. at 1968–69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965–74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id* . at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Iqbal,* 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* it "does not impose a probability requirement." *Twombly,* 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

**\*6** This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12. [10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. [11] Stated more simply, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted]. [12]

### F. Legal Standard Governing Dismissal Based on Duplicative Nature of Action

Although no precise test has been articulated for determining whether actions are duplicative, "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1551 (11th Cir.1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn,* 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative. *Lopez v. Ferguson,* 361 F. App'x 225, 226 (2d Cir.2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class). [13] There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis,* 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39. [14]

### G. Legal Standard Governing Dismissal Based on Doctrines of Res Judicata and/or Collateral Estoppel

Claim preclusion, also sometimes referenced to as res judicata, requires that a final judgment of an action on the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action. *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286–87 (2d Cir.2002); *see also Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir.1986) (citing *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 [1981] ), *overruled on other grounds, Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir.2002).

Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been actually and necessarily decided against that party or its privy. *McKithen v. Brown,* 481 F.3d 89, 105 (2d Cir.2007); *Marvel,* 310 F.3d at 288–89.

## III. ANALYSIS

**\*7** As stated above in Part I.C. of this Decision and Order, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs, indeed, stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not time-barred because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In accordance with N.D.N.Y. L.R. 72.1(c), the Court finds the first and second objections are specific in nature because Plaintiffs identified the portions of Magistrate Judge Treece's Report–Recommendation to which they object with particularity, and Plaintiffs cited (albeit improper) legal authority in an effort to support their objections. (*See generally* Dkt. No. 5.) As a result, the Court subjects those portions of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1) (C).

Plaintiffs' third objection, however, is only general in nature. Although Plaintiffs specifically identify the portion of the Report–Recommendation to which they

object, they fail to provide any legal basis for the objection. (*See generally* Dkt. No. 5 at 4–6 .) As a result, the Court reviews that portion of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object for only clear error. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully subjecting Magistrate Judge Treece's Report–Recommendation to the appropriate level of review, the Court finds no error in the Report– Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report–Recommendation is accepted and adopted in its entirety for the reasons stated therein. The court would add only five brief points.

First, those portions of Magistrate Judge Treece's Report– Recommendation that the Court has reviewed only for clear error (e.g., the holding that Plaintiffs' claims are barred by the statute of limitations) would survive even a *de novo* review.

Second, Plaintiff's argument that the Court need not "become enmeshed in factual disputes" (and thus it does have subject-matter jurisdiction in this case) is without merit for several reasons. For example, to determine whether Plaintiffs' due process rights were violated, the Court would inevitably have to engage in a factual inquiry regarding the custodial placement of BMD with Defendant Dalton. The Court might, for example, need to evaluate the same facts the state court did in making its custody determination in the first place. Doing so, however, would violate the general rule that domestic relations matters are primarily matters for state courts.

**\*8** Third, Plaintiffs' action appears largely duplicative of two previously filed actions: (1) *Deuel v. Dalton,* 06–CV– 0234, Complaint (M.D. Tenn. filed March 23, 2006); and (2) *Deuel v. Dalton,* 11–CV–0466, Complaint (M.D. Tenn. filed May 16, 2011). While the first of these two actions appears to have been dismissed only without prejudice, [15] the second of these two actions is still pending in the Middle District of Tennessee-contributing to the waste of judicial resources, and running the risk of inconsistent rulings and preclusion by collateral estoppel. [16] The Court notes that in May 20011 an Order was issued in the second action, referring the case to a magistrate judge for a review of whether the action is frivolous. *Deuel v. Dalton,* 11–CV–

0466, Order (M.D. Tenn. filed May 18, 2011) (Trauger, J.). As a result, this action is dismissed based also on this alternative ground.

Fourth, Plaintiffs' claims against New York State Unified Court System and Cholakis are barred by the Eleventh Amendment and the doctrine of absolute immunity. [17] Similarly, Plaintiffs' claims against Defendant Danaher are barred by the doctrine of qualified immunity (if not also the doctrine of absolute immunity). Moreover, Plaintiffs' Complaint does not allege facts plausibly suggesting that Defendant Dalton is a state actor for purposes of 42 U.S.C. § 1983. Furthermore, Plaintiffs' Complaint does not allege facts plausibly suggesting the personal involvement of Defendants John and Jane Does 1–100 and ABC Corp's 1–100 in any of the violations alleged. (*See generally* Dkt. No. 1.) Finally, Plaintiffs' Complaint does not allege facts plausibly suggesting that Plaintiff Lorraine Deuel has standing to assert any claims in this action (or even that she bears any familial or custodial relationship to BMD). (*Id.*) [18] Simply stated, additional pleading defects plague Plaintiffs' claims against each of the Defendants in this action, as well as each of the claims asserted by Plaintiff Lorraine Deuel. As a result, this action is dismissed based also on this alternative ground.

Fifth, and finally, Plaintiffs' request for leave to amend their Complaint is denied because the numerous pleading defects in Plaintiff's Complaint are substantive rather than formal. [19] As a result, the Court sees no need to *sua sponte* grant Plaintiffs leave to amend those claims before it dismisses them. [20]

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–Recommendation (Dkt. No. 4) is *ACCEPTED* and *ADOPTED* in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is *DISMISSED* in its entirety.

*The Court certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from this Decision and Order would not be taken in good faith.*

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 235523

Footnotes

1   *See also Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

2   *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

3   *See also Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *2–3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion,* 175 F.3d 1007 (2d Cir.1999); *Vargas v. Keane,* 93–CV–7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection

within the meaning of [28 U.S.C. § 636.](""), *aff'd,* [86 F.3d 1273 (2d Cir.)](""), *cert. denied,* [519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996).]("")

4    *See [Mario,](https://...)* 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either [Fed.R.Civ.P. 72(b)]("") or Local Civil Rule 72.3(a)(3)."); *[Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan,]("")* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted by the magistrate judge); *accord, [Praileau v. Cnty. of Schenectady,]("")* 09–CV–0924, 2010 WL 3761902, at *1, n. 1 (N.D.N.Y. Sept. 20, 2010 (McAvoy, J.); *[Hickman ex rel. M.A.H. v. Astrue,]("")* 07–CV–1077, 2010 WL 2985968, at *3 & n. 3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *[Almonte v. N.Y.S. Div. of Parole,]("")* 04–CV–0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan.18, 2006) (Sharpe, J.)

5    *See also [Batista v. Walker,]("")* 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." [internal quotations marks omitted.] ).

6    *See [Pino v. Ryan,]("")* 49 F.3d 51, 54 (2d Cir.1995) ("Nothing ... suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under [section 1915(d)]("") [[section 1915(e)]("") as amended] prior to service of the complaint."); *accord, [Pratts v. Coombe,]("")* 49 F. App'x 392, 393 (2d Cir.2003).

7    *See [Bailey v. Johnson,]("")* 846 F.2d 1019, 1021 (5th Cir.1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of [Section 1915]("")[e] ); *[Buckenberger v. Reed,]("")* 10–CV–0856, 2010 WL 1552672, at *1 (E.D.La. Mar.16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *[Smith v. Ferrell,]("")* 09–CV–0466, 2010 WL 653798, at *2–3 (S.D.Ala. Feb.18, 2010) (dismissing action because claims were duplicative of those in another pending action); *[Williams v. Bunn,]("")* 06–CV–0466, 2007 WL 1703816, at *2 (W.D.N.Y. Jun.7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *[Hahn v. Tarnow,]("")* 06–CV–12814, 2006 WL 2160934, at *1 (E.D.Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *[Blake v. Bentsen,]("")* 95–CV–2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul.11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *[Denton v. Hernandez,]("")* 504 U.S. 25, 30, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (recognizing Congress's concern in [28 U.S.C. § 1915]("") that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

8    The Second Circuit affirmed the dismissal of an action which "substantially duplicate[d] the conspiracy claim asserted in a prior action, notwithstanding the fact that the the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *[Brown v. Plansky,]("")* 24 F. App'x 26, 28 (2d Cir.2001).

9    The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata,* and the two doctrines serve some of the same policies. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *[Id.]("")* at 124.

10   *See [Vega v. Artus,]("")* 610 F.Supp.2d 185, 196 & nn. 8–9 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases); *[Rusyniak,]("")* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

11   *See [Vega,]("")* 610 F.Supp.2d at 196, n. 10 (citing Supreme Court and Second Circuit cases); *[Rusyniak,]("")* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

12   It should be emphasized that [Fed.R.Civ.P. 8]("")'s plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se* pleading) the Court stated, *"Specific facts are not necessary"* to successfully state a claim under [Fed.R.Civ.P. 8(a) (2)]("")*. [Erickson v. Pardus,]("")* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing [Conley,]("") 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See [Rusyniak,]("")* 629 F.Supp.2d at 214 & n. 35 (explaining holding in *Erickson* ).

13   *See also [Flemming v. Wurzberger,]("")* 322 F. App'x 69, 71 (2d Cir.2009); *[Curtis,]("")* 226 F.3d at 138.

14   *See also Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C.Cir.1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (*en banc* ).

15   *Deuel v. Dalton,* 06–CV–0234, Memorandum and Order (M.D. Tenn. filed August 15, 2006) (Trauger, J.). *See also Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir.1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

16   For example, both the second action and the action before this Court present claims against Frank Dalton, John and Jane Does 1–100, and ABC Corp's 1–100, for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (as well as fraud and conspiracy), arising from, *inter alia,* the unfavorable rulings Plaintiff Loriann Deuel received in child-custody proceedings in New York State court from 2002 to 2004 due to the alleged misconduct of Dalton, Family Court Judge Catherine Cholakis and Law Guardian Phillip J. Danaher. *See Deuel v. Dalton,* 11–CV–0466, Complaint, at 4–5, 9–12, 15–18, 30–32 (M.D. Tenn. filed May 16, 2011).

17   The Court notes that, in their Objections and Complaint, Plaintiffs' acknowledge that (1) their claims against Defendant Cholakis are barred by the doctrine of absolute immunity, and (2) their claims against Defendant New York State Unified Court System are based on their claims against Defendant Cholakis (pursuant to the doctrine of respondeat superior). (Dkt. No. 5, at 6; Dkt. No. 1, at 31.)

18   The Court notes that Plaintiffs' argument in their Objections that Lorraine Deuel was a party to "a recent appellate decision" is simply not sufficient to state the claims in question. (Dkt. No. 5, at 6.)

19   For example, lack of subject-matter jurisdiction and the expiration of the statute of limitations are substantive defects. *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile."); *Grace v. Rosenstock,* 228 F.3d 40, 53 (2d Cir.2000) ( "Amendment would likely be futile if ... the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *accord, In re WorldCom, Inc. Securities Litigation,* 303 F.Supp.2d 385, 390 (S.D.N.Y.2004).

20   *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("[W]here ... there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

---

2015 WL 7159796
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Laila WIDAD, Plaintiff,

v.

BROOKLYN PUBLIC LIBRARY
and Jane Doe, Defendants.

No. 15–CV–4312 (MKB).
|
Signed Nov. 13, 2015.

**Attorneys and Law Firms**

Laila Widad, Brooklyn, NY, pro se.

***MEMORANDUM & ORDER***

MARGO K. BRODIE, District Judge.

**\*1** On July 22, 2015, Laila Widad, proceeding *pro se,* commenced this action against the Brooklyn Public Library ("BPL") and Jane Doe, an unnamed BPL employee, for damages arising from a physical altercation involving Plaintiff and Jane Doe. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the Complaint. Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**I. Background**

On or about July 14,[1] while visiting the BPL branch located at Mother Gaston Boulevard in Brooklyn, New York, Plaintiff informed the library's front desk that the women's restroom had no toilet paper. (Compl.1.) At Plaintiff's request, a BPL employee at the front desk provided Plaintiff with paper towels. (*Id.*) As Plaintiff returned to the restroom, she overheard Jane Doe exclaim, "She's so rude, you should've given her nothing." (*Id.*) Soon thereafter, Plaintiff returned to the front desk to request additional paper towels and ask for Jane Doe's name. (*Id.*) Jane Doe refused to provide her name. (*Id.*) At that time, although Plaintiff and Jane Doe were physically separated by a "laptop cart," Jane Doe told Plaintiff to "get out of her face," and stated, "You need to stop

making yourself look like a fool." (*Id .*) Thereafter, Jane Doe began pushing the laptop cart towards Plaintiff. (*Id.*) Plaintiff tried to push the cart back towards Jane Doe, but Jane Doe continued pushing the cart "so hard" towards Plaintiff. (Compl.2.) At some point, the incident ended and Plaintiff returned to the restroom. (*Id.*)

Eventually, Plaintiff spoke to a BPL manager who told Plaintiff that according to a witness, Plaintiff "got into [Jane Doe's] face." (*Id.*) Plaintiff asserts that someone "made this 'witness' up," and, at the time, Plaintiff tried to show the manager that she and Jane Doe had been separated by the laptop cart and, therefore, "it would be impossible for [Plaintiff] to be 'in her face.' " (*Id.*) As Plaintiff demonstrated this for the manager, Jane Doe began attacking Plaintiff again, and "started to hit [Plaintiff] with the laptop table again." (*Id.*) Plaintiff asserts that the "last time [Jane Doe] pushed the lap[top] table at [Plaintiff] ... [Jane Doe] got up," which then caused Plaintiff to get "so angry, that [she] walked up to [Jane Doe] to yell at her...." (*Id.*) Thereafter, Jane Doe continued attacking Plaintiff, pulling her hair and injuring her head. (*Id.*) According to Plaintiff, she spoke with the police, but they refused to do anything because they believed Plaintiff was involved in a fight. (*Id.*) In light of these events, Plaintiff seeks damages in the amount of three million dollars. (*Id.*)

**II. Discussion**

**a. Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.,* 631 F.3d 57, 63 (2d Cir.2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *see Harris v.*

*Mills,* 572 F.3d 66, 72 (2d Cir.2009) (noting that even after *Twombly,* the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À .R.L.,* 790 F.3d 411 (2d Cir.2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it ...." (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000))).

**b. The court lacks subject matter jurisdiction over Plaintiff's state law claims**

**\*2** Plaintiff appears to attempt to allege common law claims for assault, battery or another intentional tort. However, the Complaint fails to plead the Court's subject matter jurisdiction over such claims.

Federal-question jurisdiction gives federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.,* 593 F.3d 209, 215 (2d Cir.2010) (quoting 28 U.S.C. § 1331). Additionally, courts may exercise jurisdiction over state law claims where plaintiff and defendant are of diverse citizenship, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir.2012) (Diversity jurisdiction exists "between, *inter alia,* 'citizens of a State and citizens or subjects of a foreign state.' " (quoting 28 U.S.C. § 1332(a))). However, before the Court may exercise subject matter jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.,* 772 F.3d 111, 117–18 (2d Cir.), *as amended,* (Nov. 12, 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332 which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson,* 475 F. App'x 792, 792 (2d Cir.2012) ("The

complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank,* 692 F.3d at 48.

Here, to the extent Plaintiff seeks to bring state law claims against the BPL and Jane Doe, the Court lacks diversity jurisdiction over such claims as the parties are not diverse. The BPL is a corporation chartered by the New York State legislature and operating exclusively in New York State. *See* BPL, Articles of Incorporation, *available at* http://www.bklynlibrary.org/sites/ default/files/files/ pdf/trustees/Articles-of-Incorporation.pdf; *Brooklyn Pub. Library v. City of New York,* 250 N.Y. 495, 497–501, 166 N.E. 179 (1929) (detailing the founding and history of the BPL). [2] As a result, the BPL is a citizen of New York. According to the Complaint, Plaintiff is also a citizen of New York. (Compl.1.) Although Plaintiff does not allege Jane Doe's citizenship, even if she was not a citizen of New York, the lack of complete diversity between Plaintiff and the BPL destroys any basis for the Court to exercise diversity jurisdiction over Plaintiff's claims as currently pleaded. *See Pa. Pub. Sch. Emps.' Ret. Sys.,* 772 F.3d at 117–18. Accordingly, Plaintiff's state law claims are dismissed. [3]

**c. Plaintiff has failed to state a federal claim pursuant to 42 U.S.C. § 1983**

**\*3** Liberally construing the Complaint, Plaintiff attempts to allege a federal claim under 42 U.S.C. § 1983. Although the Court has subject matter jurisdiction over claims brought pursuant to section 1983, Plaintiff's allegations in the Complaint fail to state a section 1983 claim.

A claim for relief pursuant to 42 U.S.C. § 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.' " *Hooda v. Brookhaven Nat. Lab.,* 659 F.Supp.2d 382, 393 (E.D.N.Y.2009) (quoting *Rendell–Baker v. Kohn,* 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach

merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted); *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 173, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n,* 396 F.3d 178, 186 (2d Cir.2005) (internal quotation marks omitted) (quoting *United States v. Int'l. Bhd. of Teamsters,* 941 F.2d 1292, 1295 (2d Cir.1991)).

The conduct of a nominally private entity may be attributed to the state, satisfying the state action requirement, if:

(1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir.2008) (alterations in original) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)); *see Sykes v. Bank of Am.,* 723 F.3d 399, 406 (2d Cir.2013) ("The question is whether the private actor's conduct has sufficiently received the imprimatur of the State so as to render it an action of the State for purposes of § 1983." (citation and internal quotation marks omitted)). Each of the three avenues requires a fact-specific inquiry into the challenged conduct, and in order to find state action, a court must determine that the specific actions of which a plaintiff complains can be fairly deemed that of the state. *See Grogan v. Blooming Grove Volunteer Ambulance Corps,* 768 F.3d 259, 265 (2d Cir.2014) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 159, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)) (examining public function test, noting that the function performed by the private entity must have historically been "an exclusive prerogative" of the state); *Cooper v. U.S. Postal Serv.,* 577 F.3d 479, 491–92 (2d Cir.2009) (examining joint action test, noting that state action cannot be premised solely on subjection to state regulation, funding, licensing or

even state creation); *Lynch v. Southampton Animal Shelter Found. Inc.,* 971 F.Supp.2d 340, 349–50 (E.D.N.Y.2013) (examining compulsion test).

**\*4** Plaintiff has not alleged any facts from which the Court could infer that the BPL is a state actor under any of these tests. Moreover, several courts in this Circuit had found that the BPL and other public libraries are not state actors for purposes of section 1983 liability. *See Neptune v. Brooklyn Pub. Library,* No. 12–CV–5948, 2012 WL 6094140, at \*2 (E.D.N.Y. Dec. 7, 2012) ("[T]he Brooklyn Public Library does not act under color of state law." (citing *Breytman v. N.Y. Pub. Library,* No. 05–CV–10453, 2007 WL 541693, at \*2 (S.D.N.Y. Feb.21, 2007))); *Breytman,* 2007 WL 541693, at \*2 ("[T]he New York City Library is not a governmental institution." (citations omitted); *Gilliard v. N.Y. Pub. Library Sys.,* 597 F.Supp. 1069, 1074–75 (S.D.N.Y.1984) ("[Plaintiff's] bare assertion that the Library is a 'quasi-governmental entity' is not enough to overcome a judicial determination of the Library's independence from the State." (citing *N.Y. Pub. Library v. PERB,* 45 A.D.2d 271, 357 N.Y.S.2d 522, 525 (App.Div.1974), *aff'd,* 37 N.Y.2d 752, 374 N.Y.S.2d 625, 337 N.E.2d 136 (1975))).

Here, because Plaintiff fails to allege that the BPL or Jane Doe were state actors, Plaintiff fails to state a section 1983 claim against the BPL and Jane Doe. Accordingly, to the extent Plaintiff attempts to bring a section 1983 claim against Defendants, it is dismissed.

### d. Leave to amend

Mindful of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to amend her Complaint to allege either this Court's subject matter jurisdiction over her common law claims or to state a plausible claim pursuant to 42 U.S.C. § 1983.

### III. Conclusion

For the reasons stated above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to re-plead her Complaint as specified above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied

for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED:

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 7159796

Footnotes

1 Plaintiff does not specify the year she visited the BPL.

2 The BPL's website makes its Articles of Incorporation publicly available. The Court takes judicial notice of these documents, and may consider them in determining whether the Court has subject matter jurisdiction. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC,* ——F.Supp.3d ——, ——, 2015 WL 5122590, at *8 (S.D.N.Y. Aug.31, 2015) ("[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination."); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.,* 61 F.Supp.3d 336, 347 (S.D.N.Y.2014) ("This Court ... may take judicial notice of the information contained on Defendant's own website.").

3 Plaintiff alleges that "[t]he jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1391." (Compl.1.) Section 1391, however, addresses the proper venue in which Plaintiff may bring her action if the requisite subject matter jurisdiction exists. 28 U.S.C. § 1391.

© 2018 Thomson Reuters. No claim to original U.S. Government Works.