# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

DARELL HARLOW,

                            **Plaintiff,**

    vs.                                                5:18-CV-01239 (MAD/TWD)

ALLEN REBECCA HEARD, and PROGRESSIVE
INSURANCE COMPANY,

                            **Defendants.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**DARELL HARLOW**
18-B-1614
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Darell Harlow ("Plaintiff") commenced this action *pro se* on October 19, 2018. *See* Dkt. No. 1. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Allen Rebecca Heard ("Heard") and Progressive Insurance Company ("Progressive"). *See id*. Plaintiff also filed a motion for appointment of counsel. *See* Dkt. No. 5. On November 7, 2018, Magistrate Judge Dancks granted Plaintiff's motion to proceed *in forma pauperis* and reviewed the complaint. *See* Dkt. No. 8. In her review, Magistrate Judge Dancks made the following recommendations: (1) Plaintiff's complaint be dismissed for lack of subject matter jurisdiction without leave to amend; and (2) Plaintiff's motion for counsel be denied without prejudice as moot. *Id*. at 8. Plaintiff has not filed objections to the Order and Report-Recommendation.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(c).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se,* waives any challenge to the report on appeal. *See*

3

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Dancks provided Plaintiff adequate notice that he was required to file any objections to the Order and Report-Recommendation, and informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 8 at 8. Specifically, Magistrate Judge Dancks informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72." *See id*. Therefore, Magistrate Judge Dancks clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Order and Report-Recommendation.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim, pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of a federal right acted under color of

state. . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomex v. Toledo*, 446 U.S. 635, 640 (1980)).

As Magistrate Judge Dancks correctly found, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(h)(3). *See* Dkt. No. 8 at 7. Plaintiff's commenced this action pursuant to 42 U.S.C. § 1983, but alleges no depravation of rights secured by the United States Constitution or under Federal law, nor does he allege facts demonstrating that either Defendant was a state actor or private party acting under color of law. *See* Dkt. No. 8 at 6-7; *see also* Dkt. No. 1. As Plaintiff fails to allege the deprivation of a federal right in his complaint, as required by 42 U.S.C. § 1983, the Court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) (stating "whether a case is one arising under the Constitution or a law or treaty of the United States, ... [jurisdiction] must be determined from what necessarily appears in the plaintiff's statement of his own claim"). In addition, Plaintiff fails to allege "the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different states...." 28 U.S.C. § 1332. Therefore, as Magistrate Judge Dancks correctly found, the Court also lacks diversity jurisdiction. *See* Dkt. No. 8 at 6-7.

Further, Magistrate Judge Dancks correctly determined that the motion for the appointment of counsel should be dismissed as moot. *See* Dkt. No. 8 at 7. Where "a federal court concludes that it lacks subject– matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp*, 546 U.S. 500, 514 (2006) (citing 16 Moore 106.66[1], pp. 106-88 to 106-89). As Plaintiff's complaint did not allege specific facts establishing subject matter jurisdiction, the Court must dismiss the complaint and therefore, the motion for the appointment of counsel is moot.

Upon review of Magistrate Judge Dancks's Order and Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should dismiss Plaintiff's claim due to a lack of subject matter jurisdiction. Dkt. No. 8 at 7. For the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 8) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Plaintiff's complaint is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge